IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| EDWARD LEE CROSS, ) | Civil Action No.: 1:11-cv-02874-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROBERT M. STEVENSON, III, ) | |
| WARDEN OF BROAD RIVER ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Edward Lee Cross, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondent Robert M. Stevenson filed a return and memorandum, as well as a motion for summary judgment. Petitioner also filed a motion for an evidentiary hearing, as well as a motion for summary judgment. These matters are now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] In the R&R, the Magistrate Judge recommends that the Court deny Petitioner's motion for an evidentiary hearing and his motion for summary judgment, grant Respondent's motion for summary judgment, and dismiss Petitioner's petition.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was indicted in December 2004 in York County on charges of trafficking in cocaine. He was represented at trial by Gary Lemel, and, on September 9, 2005, a jury found him guilty as charged. The circuit court sentenced him to twenty-five years' imprisonment. Petitioner timely filed a direct appeal to the South Carolina Court of Appeals, and his counsel submitted a

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

brief pursuant to *Anders v. California*.[2] Despite Petitioner's *pro se* brief filed with the court of appeals, the court affirmed Petitioner's conviction on January 14, 2008. Subsequently, the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari on September 4, 2008.

Petitioner filed an application for post-conviction relief ("PCR") on April 29, 2009, alleging his trial counsel was ineffective for failing to (1) sufficiently investigate, (2) request an entrapment jury charge, and (3) object during the State's closing argument. After an evidentiary hearing, the PCR court dismissed his application *with prejudice* on January 15, 2010. Among other findings, the PCR court found, "without finding that trial counsel was ineffective for failing to object to the [s]olicitor's closing argument, [Petitioner] failed to meet his burden of proving he was prejudiced by any failure to make objections during the Solicitor's closing argument." ECF No. 34-4, at 76. Petitioner appealed the order, and the sole issue presented was "[w]hether [trial] counsel was ineffective for failing to object to that portion of the [State's] closing argument that vouched for the credibility of the State's key witness." ECF No. 34-14, at 3. The South Carolina Supreme Court denied certiorari on September 9, 2011, and remittitur was issued on September 7, 2011.

On October 11, 2011, Petitioner filed a Petition Under 28 U.S. § 2254 for Writ of Habeas Corpus with this Court, raising the three following grounds:

> Ground One: Actual Innocence/Absence of Evidence
>
> . . .
>
> Ground Two: Trial counsel was ineffective for failing to request a jury charge for entrapment.

---

[2] 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Id.* at 744.

2

> . . .
>
> Ground Three: Whether defense counsel was ineffective in failing to object to that portion of the solicitor's closing argument that vouched for the credibility of the state's key witness.

Pet., ECF No. 1. Respondent filed his return and a motion for summary judgment on May 23, 2012. ECF Nos. 34, 35. After receiving notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner responded to Respondent's motion on August 22, 2012. ECF No. 49. Petitioner also filed a motion for summary judgment, as well as a motion for a hearing. ECF No. 51, 52. Subsequently, the Magistrate Judge issued an R&R, recommending that the Court deny Petitioner's motions, grant Respondent's motion, and dismiss Petitioner's petition. R&R, ECF No. 55. Petitioner filed timely objections to the R&R. Pet'r's Objs., ECF No 58.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of

objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### DISCUSSION

The Magistrate Judge recommends dismissing Petitioner's § 2254 petition. Specifically, she concludes (1) that Petitioner's motion for an evidentiary hearing should be denied, (2) that Petitioner's second ground for relief is procedurally barred, (3) that his first ground, actual innocence, "is not a cognizable claim for federal habeas relief," (4) that his third ground, ineffective assistance of counsel, lacks merit under the *Strickland* test, and (5) that Petitioner's motion for summary judgment "fails to demonstrate that there are no material facts in dispute such that he is entitled to judgment as a matter of law." R&R 15-21.

Petitioner responds with five objections. First, he argues his second ground was not procedurally defaulted because he raised it on direct appeal in an *Anders* brief and in a *pro se* brief before the South Carolina Court of Appeals. Second, he contends, regardless of the default, that there is cause for the default because his counsel for his PCR appeal was ineffective and that he is actually innocent. Third, he maintains that his actual innocence is a ground for relief. Fourth, he objects to the Magistrate Judge's recommendation that his ineffective assistance of counsel claim, based on his attorney's failure to object to the prosecutor's improper vouching of a witness during closing arguments, lacks merit. Finally, he reasserts that he his entitled to an evidentiary hearing before this Court. Pet'r's Objs 4-12.

### I.    *Petitioner's Motion for an Evidentiary Hearing*

The Court finds no error in the Magistrate Judge's recommendation concerning Petitioner's motion for an evidentiary hearing. Indeed, as the discussion below reveals, Petitioner has made no

4

showing that he is entitled to an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2) and Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, Petitioner's fifth objection is overruled.

## II.     *Respondent's Motion for Summary Judgment*

After reviewing the Magistrate Judge's recommendation *de novo* in light of Petitioner's objections, the Court finds no error.

### A. *Ineffective Assistance of Counsel: Failure to Request a Jury Charge for Entrapment*

Petitioner raises two objections to the Magistrate Judge's conclusion that Petitioner's first ineffective assistance of counsel claim is procedurally barred. First, Petitioner argues that his claim was properly exhausted in state proceedings. Second, he contends that, regardless, he can demonstrate cause and actual prejudice for the default. The Court overrules both objections.

First, the record shows that, on direct appeal, both Petitioner's appellate counsel (in an *Anders* brief) and Petitioner (in his *pro se* brief) raised the issue of the *trial court's* failure to instruct the jury on entrapment. Thus, contrary to Petitioner's objection, the issue of his trial counsel's ineffective assistance was never properly raised. Indeed, in South Carolina, only issues raised to and ruled upon by a trial court may be directly appealed. *See, e.g.*, *State v. Garner*, 505 S.E.2d 338, 340 (1998) ("There was no objection to the closing argument, and therefore no issue is preserved for our review."). Petitioner's trial counsel's failure to request a jury instruction, therefore, is not a proper issue for direct appeal. Rather, Petitioner was required to raise the issue first at his PCR hearing and then properly exhaust his claim in an appeal to the South Carolina Supreme Court. While Petitioner raised the issue at his PCR hearing, he failed to properly exhaust the claim by appealing the PCR court's dismissal. Instead, Petitioner only appealed the issue of "[w]hether [trial] counsel was ineffective for failing to object to that portion of the [State's] closing

5

argument that vouched for the credibility of the State's key witness." ECF No. 34-14, at 3. The Magistrate Judge was thus correct in concluding that Petitioner's first ineffective assistance of counsel claim is subject to procedural default.

Second, Petitioner's objection that he has shown cause for the default is without merit. Specifically, Petitioner claims that his appellate counsel was ineffective in failing to present to issue during his PCR appeal, citing the recent United States Supreme Court opinion in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). *Martinez*, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default. In fact, the Supreme Court expressly noted that its holding "does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.* at 1320 (emphasis added).

Furthermore, Petitioner renews his claim of actual innocence in his objection. But to overcome procedural default, a petitioner must "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " *Schulp v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schulp*, 513 U.S. at 327. Also, a petitioner would have to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This "standard is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 537. Here, Petitioner's arguments have not satisfied this demanding standard. Even if all of the reasons Petitioner gives to support his claim of actual innocence were presented at his trial, they do not show it is more likely

than not that no reasonable juror would have convicted him of the crime of which he was charged. *See* ECF No. 49, at 9-10. Accordingly, Petitioner's objections are overruled.

### B. Actual Innocence

In Petitioner's third objection, he argues that the Magistrate Judge erred in holding actual innocence is not a cognizable claim for habeas relief. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). In light of *Herrera* and this Court's discussion above of Petitioner's claim of actual innocence, his third objection is overruled.

### C. Ineffective Assistance of Counsel: Failing to Object to the State's Closing Argument

Petitioner's fourth objection regards the Magistrate Judge's recommendation that the Court grant summary judgment as to Petitioner's second ineffective assistance of counsel claim. The Magistrate Judge found that the PCR court's analysis was neither unreasonable nor a misapplication of "clearly established federal law." R&R 20.

In his objections, Petitioner characterizes the witness's credibility as "extremely important" because "the entire case was a swearing match between Petitioner" and the witness. Pet'r's Objs. 10. He also points out that the PCR court and the Magistrate Judge "candidly admit that 'it is questionable' whether the [s]olicitor's statement gives rise to the level of vouching." *Id.* Petitioner's objection, however, is a mischaracterization of how both the PCR court and the Magistrate Judge viewed the statement. Whether the statement is an example of vouching or not, the PCR court and the Magistrate Judge focused on its prejudicial nature—the second prong of the *Strickland* test. 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the

7

judgment."). Contrary to Petitioner's argument, the record shows that the "entire case" was not the "swearing match" described by Petitioner. Other evidence was presented of Petitioner's guilt, such as incriminating statements he made to law enforcement officers. *See* ECF No. 34-2, at 1-2. Accordingly, the Magistrate Court correctly concluded that the PCR court's ruling was not contrary to, or an unreasonable application of, *Strickland*. *See* 28 U.S.C. § 2254(d)(1). Petitioner's objection, therefore, is overruled.

### III.     *Petitioner's Motion for Summary Judgment*

The Petitioner does not specifically object to the Magistrate Judge's recommendation that his motion for summary judgment be denied. In the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. Therefore, finding no clear error (especially in light of the discussion above) the Court finds the Magistrate Judge's recommendation to be appropriate.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### CONCLUSION

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the motions, the parties' briefs, the Magistrate Judge's R&R, Petitioner's objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Petitioner's motion for an evidentiary hearing is **DENIED**, that Respondent's motion for summary judgment is **GRANTED**, that Petitioner's motion for summary judgment is **DENIED**, and that Petitioner's § 2254 petition is **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 25, 2013